[Cite as *State v. Gavey*, 2020-Ohio-151.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|                          |     |                                  |
|--------------------------|-----|----------------------------------|
| STATE OF OHIO,           | :   |                                  |
| Appellee,                | :   | CASE NO. CA2019-07-125           |
|                          | :   | D E C I S I O N                  |
| - vs -                   |     | 1/21/2020                        |
|                          | :   |                                  |
| DESTANY L. GAVEY,        | :   |                                  |
| Appellant.               | :   |                                  |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-02-0251


Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rodriguez & Porter, Ltd., Paul W. Shonk, 5103 Pleasant Avenue, Fairfield, Ohio 45014, for appellant


**Per Curiam.**

{¶1} This cause came on to be considered upon a notice of appeal filed by appellant, Destany L. Gavey, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, and upon the brief filed by appellant's counsel.

{¶2} Appellant's counsel has filed a brief with this court pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967), which (1) indicates that a careful review of

the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists two potential errors "that might arguably support the appeal," *Anders*, at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

{¶3} Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

HENDRICKSON, P.J., PIPER and M. POWELL, JJ., concur.